0401

KORES NORDIC (USA) CORP., Appellant,
v. SINKLER, GIBBES & SIMONS, Respondent.

(327 S. E. (2d) 365)

Court of Appeals

*Gerald M. Finkel* and *Stephen A. Husman*, of *Finkel, Georgaklis, Goldberg, Sheftman & Korn*, Columbia, *for appellant.*

*William H. Grimball*, of *Grimball, Cabaniss, Vaughan & Robinson*, Charleston, *for respondent.*

Heard Jan. 22, 1985.

Decided Feb. 25, 1985.

SANDERS, Chief Judge:

Appellant Kores Nordic (USA) Corp. and respondent Sinkler, Gibbs & Simons disagreed over the amount of a fee which was owed by Kores Nordic to Sinkler for certain legal services. The disagreement was submitted to the Resolution of Fee Disputes Board for the Ninth Judicial Circuit. Kores Nordic appealed the decision of the Board to the Circuit Court which dismissed its appeal. Kores Nordic now appeals from the order of dismissal. We affirm.

Kores Nordic engaged the law firm of Sinkler, Gibbs & Simons to collect a disputed debt in the amount of more than $205,000 from Wang Laboratories, Inc. The dispute was subsequently resolved by Kores Nordic's receiving a settlement of $10,000 less than its claim. No formal written fee agreement was ever prepared or executed. Sinkler claimed it was entitled to a contingency fee for its services based upon the amount collected. Kores Nordic maintained it owed a fee calculated on the amount of time devoted to its representation.

Kores Nordic filed an application with the South Carolina Bar to have the disagreement determined by the Board. The application, executed by an agent of Kores Nordic, contained the following language:

> I understand that by filing this application, I consent to the Board hearing this matter and I agree to abide by the Board's disposition of the matter. I understand that I may withdraw this application at any time prior to a final disposition by the Board or any assigned member acting for the Board by giving written notice to the South Carolina Bar of my withdrawal of the application.

This was a purely voluntary procedure undertaken by Kores Nordic as an alternative to litigating the disagreement with Sinkler or submitting it to arbitration.

The Board's decision is confidential and does not appear in the record before us. *See* Rules and Regulations of the Resolution of Fee Disputes Board, Rule 20 (adopted by the House of Delegates of the South Carolina Bar January 19, 1978). However, Kores Nordic was obviously dissatisfied with the decision of the Board and filed notice of appeal to the Circuit Court. Sinkler moved to dismiss the appeal and the Circuit Court heard and granted the motion before Kores Nordic

filed its case and exceptions. Nevertheless, the grounds for appeal are apparent from the arguments in the Circuit Court on the motion to dismiss. Kores Nordic argued before the Circuit Court (and argues before us) that it has the right to appeal the decision of the Board pursuant to the South Carolina Administrative Procedures Act (Section 1-23-310 to -400, 1976 Code of Laws, as amended).[1] We reject this argument for the following reason.

The Act requires as a prerequisite to judicial review that a final decision in a contested case have been rendered by an "agency." D. Shipley, South Carolina Administrative Law 5-4 (1983); *See Schudel v. South Carolina Alcoholic Beverage Control Commission,* 276 S. C. 138, 276 S. E. (2d) 308 (1981). Code section 1-23-310(1) of the Act defines an "agency" as follows:

> "Agency" means each state board, commission, department or officer, *other than the legislature or the courts,* authorized by law to make rules or to determine contested cases. (Emphasis added.)

Thus, it is clear that both the legislature and courts are specifically excluded from this definition. While this court and our Supreme Court have construed this definition as including many entities of state government, they have all been agencies of the executive branch. *See, e.g., Schudel,* 276 S. E. (2d) 308 (ABC Com'n.); *Lark v. Bi-Lo,* 276 S. C. 130, 276 S. E. (2d) 304 (1981) (Industrial Com'n.); *Guerard v. Whitner,* 276 S. C. 521, 280 S. E. (2d) 539 (1981) (Coastal Council); *Todd's Ice Cream, Inc. v. South Carolina Employment Security Commission,* 281 S. C. 254, 315 S. E. (2d) 373 (S. C. App. 1984) (Employment Security Com'n.).

The Fee Disputes Board is a creature of the South Carolina Bar. The Bar, in turn, is authorized by section 40-5-20 of the 1976 Code of Laws of South Carolina and is organized and governed by Rule 48, Rules of Practice in the Supreme Court of South Carolina.[2] Code section 40-5-20 pro-

---

[1] Kores Nordic concedes that its appeal is not based on fraud or duress but rather claims the Board's decision was "[a]ffected by another error of law," reviewable under section 1-23-380(g)(4) of the Act.

[2] Other boards and commissions operate under the South Carolina Supreme Court, *e.g.,* Board of Law Examiners, Board of Commissioners on Grievances and Discipline and Commission on Continuing Lawyer Competence.

vides that the Bar "shall act as an administrative agency of the Supreme Court."

Based upon the language of Code section 1-23-310(1), and because the Board operates as a part of the judicial branch of government under the Supreme Court, we hold that it is not an agency subject to the provisions of the Administrative Procedures Act. Therefore, the Circuit Court was correct in dismissing the appeal from the decision of the Board brought pursuant to the Act.

Accordingly, the order of the Circuit Court is

Affirmed.

GARDNER and BELL, JJ., concur.