590 S.E.2d 506

**Joseph RICH d/b/a Sunshine Recycling, Respondent,**

v.

**Gary WALSH and Bank of America, N.A., Appellants.**

No. 3699.

Court of Appeals of South Carolina.

Heard Oct. 9, 2003.

Decided Nov. 24, 2003.

Rehearing Denied Jan. 22, 2004.

David Clay Robinson, of Columbia, for appellant Gary Walsh.

John T. Moore, Steven A. McKelvey, Jr., Elizabeth A. Shuffler, all of Columbia, for appellant Bank of America, N.A.

Jeffrey Scott Holcombe, of Orangeburg, for respondent.

CURETON, A.J.:

Bank of America, N.A., and Gary Walsh appeal an order of the Circuit Court denying their motion to compel arbitration. The trial court held appellants waived their right to arbitration by their use of the trial litigation machinery. We vacate and remand.

## FACTS

In September 2000, Joseph B. Rich filed his complaint in this case alleging fraud, breach of fiduciary duty and various other causes of action arising out of a series of loan transactions between him and Bank of America, N.A., and its employee, Gary Walsh. Bank of America and Walsh (collectively "the Bank") each answered the complaint and asserted a

counterclaim against Rich for violation of the Frivolous Civil Proceedings Sanctions Act, S.C Code Ann. §§ 15–36–10 to –50 (Supp.2002).

The security agreements Rich executed in connection with the loan transactions contained an arbitration clause providing that "[a]ny controversy or claim between or among the parties ... arising out of or relating to this instrument ... shall be determined by binding arbitration in accordance with the Federal Arbitration Act (or if not applicable, the applicable state law)." The Bank first sought an order compelling arbitration on September 24, 2001.

Limited discovery was conducted in the interval between the filing of the complaint and the motion to compel arbitration. The Bank took the deposition of Rich on September 21, 2001. However, the deposition was limited in duration and scope, lasting only 15 minutes, and confined largely to questions regarding Rich's business background and the loan documents at issue. During the deposition, Bank's counsel informed Rich's counsel that the Bank intended to move to compel arbitration. In light of the bank's intentions, the parties agreed to forgo further testimony and concluded the deposition.

Prior to Rich's deposition, the parties each exchanged one set of interrogatories. In response to Rich's interrogatories the Bank refused to answer them in full and only answered the standard interrogatories allowed under Rule 33(b)(1)-(7), SCRCP.[1] Each party also submitted one set of requests for production, and Rich served one set of requests to admit. The Bank also filed a motion to compel discovery responses, but the parties resolved the matter prior to any action by the trial court.

The record does not reveal any further discovery requests were submitted. The Bank did not depose anyone other than Rich. Rich took no depositions of the Bank, and except for the

---

1. The Bank objected to those interrogatories that exceeded the standard questions permitted under the Rules on the grounds they were propounded and served in violation of Rule 33(b)(8), SCRCP, which limits interrogatories to seven standard questions when the amount in controversy is less than $25,000.

motion to compel arbitration, the parties did not require the intervention of the court.

In its order filed December 4, 2001, the trial court concluded the Bank had waived its right to compel arbitration because of its use of the pretrial litigation process. The Bank and Walsh appeal.

## STANDARD OF REVIEW

The denial of a motion to compel arbitration, based on a finding of waiver, is reviewed on appeal de novo. *Liberty Builders, Inc. v. Horton,* 336 S.C. 658, 664–65, 521 S.E.2d 749, 753 (Ct.App.1999). The appellate court will, however, grant deference to the trial court's factual findings underlying its conclusion if there is any evidence reasonably supporting them. *Id.*

## LAW/ANALYSIS

The trial court ruled the Federal Arbitration Act (FAA) preempts application of the South Carolina Uniform Arbitration Act (SCUAA) in this case because the transactions at issue involve interstate commerce. *See* 9 U.S.C. §§ 1–2 (2002). This finding is not disputed in the present appeal, so the propriety of the trial court's determination is not before this court. Accordingly, we apply the provisions of the FAA as interpreted under federal law and the laws of this state.[2]

Under the FAA, "a party may demand a stay of [ ] judicial proceedings pending exercise of a contractual right to have the subject matter of the [ ] action decided by arbitration, unless the party seeking arbitration is 'in default' of that right." *MicroStrategy, Inc. v. Lauricia,* 268 F.3d 244, 249 (4th Cir.2001) (quoting *Maxum Found., Inc. v. Salus Corp.,* 779 F.2d 974, 981 (4th Cir.1985)). "Default" under this statutory scheme has been equated with the contract law principle of "waiver." *Id.* Although the right to enforce an arbitration

---

2. Though applying substantive federal law in this case, subject matter jurisdiction is proper in this court because the FAA provides for federal jurisdiction of an order compelling arbitration only when the federal district court would have jurisdiction over the suit on the underlying dispute; hence, there must be diversity of citizenship or some other independent basis for federal jurisdiction. *See* 9 U.S.C. § 4.

clause may be waived, federal and state courts have recognized a strong policy favoring arbitration. *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983) ("[A]s a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of contract language itself or an allegation of waiver, delay, or a like defense to arbitrability."); *Tritech Elec., Inc. v. Frank M. Hall & Co.*, 343 S.C. 396, 399, 540 S.E.2d 864, 865 (Ct.App.2000) ("The policy of the United States and this State is to favor arbitration of disputes.") (quoting *Heffner v. Destiny, Inc.*, 321 S.C. 536, 537, 471 S.E.2d 135, 136 (1995)).

The Bank's primary argument in this appeal is that the trial court applied the wrong standard for determining whether arbitration has been effectively waived. Some confusion exists in this area because the various federal circuit courts of appeal have adopted different standards to determine whether arbitration rights have been waived under the FAA.

A number of circuits require the party opposing arbitration to demonstrate it has suffered "actual prejudice" as a result of the delay in seeking arbitration. *See United Computer Sys., Inc. v. AT & T Corp.*, 298 F.3d 756, 765 (9th Cir.2002) (holding that "arbitration rights are subject to constructive waiver if three conditions are met: (1) the waiving party must have knowledge of an existing right to compel arbitration; (2) there must be acts by that party inconsistent with such existing right; and (3) there must be prejudice resulting from the waiving party's inconsistent acts") (citing *Hoffman Constr. Co. of Oregon v. Active Erectors and Installers, Inc.*, 969 F.2d 796, 798 (9th Cir.1992)); *Ivax Corp. v. B. Braun of Am., Inc.*, 286 F.3d 1309, 1315–16 (11th Cir.2002) (finding that "[i]n determining whether a party has waived its right to arbitrate ... we decide if, 'under the totality of the circumstances,' the party 'has acted inconsistently with the arbitration right,' and ... we look to see whether, by doing so, that party 'has in some way prejudiced the other party'") (quoting *S & H Contractors, Inc. v. A.J. Taft Coal Co.*, 906 F.2d 1507, 1514 (11th Cir.1990)); *MicroStrategy*, 268 F.3d at 249 (4th Cir.2001)

(finding that "[a] party may waive its right to insist on arbitration if the party 'so substantially utiliz[es] the litigation machinery that to subsequently permit arbitration would prejudice the party opposing the stay' "); *Wood v. Prudential Ins. Co.*, 207 F.3d 674, 680 (3d Cir.2000) ("In order to obtain a finding that arbitration is waived, a party seeking to avoid arbitration must demonstrate prejudice."); *Hoxworth v. Blinder, Robinson & Co., Inc.*, 980 F.2d 912, 925 (3d Cir.1992) (holding that "prejudice is the touchstone for determining whether the right to arbitrate has been waived"); *Fraser v. Merrill Lynch Pierce, Fenner & Smith, Inc.*, 817 F.2d 250, 252 (4th Cir.1987) (opining that "[t]he dispositive question is whether the party objecting to arbitration has suffered actual prejudice"); *In re Mercury Constr. Co.*, 656 F.2d 933, 939 (4th Cir.1981) ("[I]t is only when ... delay results in actual prejudice that it may amount to 'default' within the [Federal Arbitration] Act."), *aff'd sub nom. Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983).

Not all of the circuits hold prejudice to be an indispensable requirement. *See Ernst & Young LLP v. Baker O'Neal Holdings, Inc.*, 304 F.3d 753, 756 (7th Cir.2002) (holding that the court must "determine whether based on all of the circumstances, the [party against whom the waiver is to be enforced] has acted inconsistently with the right to arbitrate") (alteration in original) (quoting *Grumhaus v. Comerica Sec., Inc.*, 223 F.3d 648, 650–51 (7th Cir.2000)); *General Star Nat'l Ins. Co. v. Administratia Asigurarilor de Stat*, 289 F.3d 434, 438 (6th Cir.2002) (finding that "[a]n agreement to arbitrate may be waived by the actions of a party which are completely inconsistent with any reliance thereon") (quoting *Germany v. River Terminal Ry. Co.*, 477 F.2d 546, 547 (6th Cir.1973)); *National Found. for Cancer Research v. A.G. Edwards & Sons, Inc.*, 821 F.2d 772, 777 (D.C.Cir.1987) ("This circuit has never included prejudice as a separate and independent element of the showing necessary to demonstrate waiver of the right to arbitration."); *Southern Sys., Inc. v. Torrid Oven Limited*, 105 F.Supp.2d 848, 853 (W.D.Tenn.2000) (holding that "[i]n light of the Sixth Circuit's emphasis on inconsistent conduct

and no mention of prejudice, this court will treat prejudice as a significant factor but not a dispositive one").

■ South Carolina has primarily, though not exclusively, followed the approach adopted by the federal courts of the Fourth Circuit and other jurisdictions which require a showing of actual prejudice before finding waiver. *See Sentry Eng'g & Constr., Inc. v. Mariner's Cay Dev. Corp.*, 287 S.C. 346, 351, 338 S.E.2d 631, 634 (1985) (finding that "[f]ederal decisions require a showing of prejudice when waiver is asserted . . . . it is not inconsistency, but the presence or absence of prejudice which is determinative"); *Evans v. Accent Manufactured Homes, Inc.*, 352 S.C. 544, 550, 575 S.E.2d 74, 76 (Ct.App. 2003) ("A party seeking to establish waiver must show prejudice through an undue burden caused by delay in demanding arbitration."); *Liberty Builders*, 336 S.C. at 666, 521 S.E.2d at 753 (holding same). *But see Hyload, Inc. v. Pre-Engineered Prods., Inc.*, 308 S.C. 277, 280, 417 S.E.2d 622, 624 (Ct.App. 1992) (holding that appellant "waived its right to compel arbitration under the contract by refusing to execute the papers necessary to commence arbitration and electing instead to sue on the contract," thus finding that "[t]his is simply a particular instance of the general rule that acts inconsistent with the continued assertion of a right may constitute waiver"). Though not entirely consistent on this point of law, we find our courts' most recent precedent has required the party opposing arbitration to demonstrate actual prejudice. Accordingly, we apply that standard in the present case.

■ There is, however, no set rule as to what constitutes sufficient prejudice to warrant finding the right to arbitration has been waived. *Liberty Builders*, 336 S.C. at 666, 521 S.E.2d at 753–54. "Mere inconvenience to an opposing party is not sufficient to establish prejudice, and thus invoke the waiver of right to arbitrate." *Evans*, 352 S.C. at 550, 575 S.E.2d at 76–77. "Neither delay nor the filing of pleadings by the party seeking a stay will suffice, without more, to establish waiver of arbitration. However, delay and the extent of the moving party's trial-oriented activity are material factors in assessing a plea of prejudice." *MicroStrategy*, 268 F.3d at 249 (quoting *Fraser*, 817 F.2d at 252).

72

The party seeking to establish waiver has the burden of showing prejudice. *Sentry Eng'g & Constr.*, 287 S.C. at 351, 338 S.E.2d at 634. Rich argues there was sufficient evidence which reasonably supported a finding that he suffered actual prejudice as a result of the Bank's delay in seeking arbitration. The record, however, does not contain sufficient evidence demonstrating such prejudice.

In its order denying the Bank's motion, the trial court found that "Defendants' decision to 'file [counterclaims], participate in pretrial discovery, and engage in procedural maneuvering for [thirteen months] is sufficient to find that Defendant[s] ha[ve] waived [their] right to arbitrate.'" In so holding, the trial court cited and quoted (with alterations) this Court's prior decision in *Liberty Builders*. There, we found the party opposing arbitration had proven it had suffered actual prejudice as a result of the moving party's delay in seeking arbitration. *Liberty Builders*, 336 S.C. at 667–68, 521 S.E.2d at 754. In that case, Liberty, the party seeking arbitration, pursued active litigation against the Hortons for two and one-half years and availed itself of the Circuit Court's assistance on forty separate occasions. *Id.* at 666, 521 S.E.2d at 753. We therefore held "Liberty waived its right to enforce the arbitration clause by submitting the dispute to the court and availing itself of that system for two and one-half years." *Id.* at 668, 521 S.E.2d at 754.

We find *Liberty Builders* inapposite to this case. Though a significant period of time did elapse between the filing of the complaint and the Bank's motion to compel arbitration (approximately 13 months), mere delay, regardless of its duration, should not be considered as a factor independent of the actual prejudice it occasions. In *Liberty Builders*, the party seeking arbitration had engaged in extensive litigation throughout the two and one-half year period. In this case, the period in question was marked mostly by inactivity or otherwise minimal discovery efforts, especially when focusing upon the extent of the Bank's participation in the pretrial litigation, as we must do when considering the question of waiver. As already noted, the Bank only submitted one set of interrogatories and one set of requests to admit. The Bank only provid-

ed responses to the standard interrogatories allowed by the Rules. The Bank's only motion to compel discovery responses was resolved between the parties before court intervention was required. Only one brief deposition was taken by the Bank which did not involve any testimony on the merits of the case. Also, unlike *Liberty Builders* and most cases where waiver is found, in this case the party seeking arbitration, the Bank, did not initiate the litigation that chose the forum. It answered the complaint with a perfunctory counterclaim allegation under the Frivolous Claims Act.[3]

In its order, the Circuit Court noted that the Bank might have been provided information in pretrial discovery to which it might not have been entitled in arbitration. However, Rich has made no effort to establish what discovery would or would not be available to the Bank in an arbitration proceeding. Concrete facts rather than speculative assertions are germane to a determination of waiver. *See MicroStrategy,* 268 F.3d at 252–53 (finding a bare assertion that the discovery obtained in pretrial litigation would be unavailable in arbitration was insufficient to establish waiver of the right to arbitrate, opining that such "proof must be concrete, not merely speculative") (citing *Green Tree Fin. Corp.-Alabama v. Randolph,* 531 U.S. 79, 121 S.Ct. 513, 148 L.Ed.2d 373 (2000)).

Accordingly, we hold the Bank has not waived its right to arbitration. The trial court thus erred in denying the Bank's motion to compel arbitration. We therefore vacate its order and remand with direction that the proceedings at the trial level be stayed pending arbitration of the claims between the parties.

**VACATED AND REMANDED.**

HUFF and BEATTY, JJ., concur.

---

3. We note that consideration of the Frivolous Claims Act is appropriate only after the Bank can show the proceedings have terminated in its favor. *See* S.C.Code Ann. § 15–36–10(2).