THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Ervin M. Mathias, Jr., and Ervin M. Mathias, III, doing business as T & M Farm, a General Partnership,
Respondents,
v.
Rural Community Insurance Company and Jackie Starnes, individually and doing business as Starnes Insurance Agency,
Defendants,
Of whom Rural Community Insurance Company is the,
Appellant.
 
 
 

Appeal From Hampton County
 Perry M. Buckner, Circuit Court Judge

Unpublished Opinion No. 2005-UP-192
Heard December 14, 2004  Filed March 15, 2005

AFFIRMED

 
 
 
Richard Ashby Farrier, Jr., of Charleston, for Appellant.
Richard B. Ness, of Bamberg, for Respondents.
 
 
 

PER CURIAM:  Ervin M. Mathias, Jr. and Ervin M. Mathias, III doing business as T & M Farm, brought several claims against Rural Community Insurance Company (RCIC) and its agent Jackie Starnes, arising out of Starnes procurement of Multiple Peril Crop Insurance for T & M.  RCIC filed a motion to compel arbitration pursuant to an arbitration clause in the policy.  The trial judge denied this motion.  We affirm.
FACTS
In 2000, T & M Farm purchased Multiple Peril Crop Insurance (MPCI) from RCIC through its agent Jackie Starnes.  The policy covered T & Ms crops in Allendale and Hampton counties.  As part of procuring the policies, RCIC asked T & M to provide a crop production history for each location.  RCIC used this information to determine the amount of insurance T & M could purchase.  Although T & M previously produced crops in Allendale County, it did not previously farm in Hampton County.  T & M alleges Starnes communicated that production history from other counties could be used to establish the insured production level for Hampton County.  Based on Starnes assurances, the crop production history for the crops grown in Allendale County was used to determine the crop history calculation for Hampton County.  RCIC issued the policies based on this information.  
In 2000 and 2001, T & M experienced crop losses and filed claims with RCIC.  RCIC paid the claims, but later notified T & M that the indemnifications paid were greater than the amount of insurance T & M was entitled to purchase.  RCIC informed T & M that because the policies were issued on erroneous crop production history for the Hampton County crops, it would reduce T & Ms indemnity amount and T & M was responsible to repay the overpayment on its claims.  
T & M brought suit alleging negligence by Starnes for which RCIC is vicariously liable, seeking an accounting as to the amount of overpayments calculated by RCIC, breach of contract and bad faith by RCIC, indemnification, breach of fiduciary duty by Starnes, and negligent misrepresentation by both Starnes and RCIC.[1]    
RCIC filed a motion to compel arbitration and to stay the proceedings based on an arbitration clause in the policy.  The RCIC policy, contains the following arbitration clause: 

If you and we fail to agree on any factual determination, the disagreement will be resolved in accordance with the rules of the American Arbitration Association.  Failure to agree with any factual determination made by FCIC must be resolved through the FCIC appeal provisions published at 7 CFR part 11. 

The trial judge denied RCICs motion.  This appeal followed.
STANDARD OF REVIEW
The question of the arbitrability of a claim is an issue for judicial determination, unless the parties provide otherwise. 
Zabinski v. Bright Acres Assocs., 346 S.C. 580, 596, 553 S.E.2d 110, 118 (2001).  Both South Carolina and the United States have a policy of favoring arbitration.  Id. (citation omitted).  However, arbitration is a matter of contract and parties may not be forced to arbitrate claims they have not contractually agreed to arbitrate.  Towles v. United HealthCare Corp., 338 S.C. 29, 37, 524 S.E.2d 839, 843-44 (Ct. App. 1999).  An appeal from the denial of a motion to compel arbitration is subject to de novo review.  Rich v. Walsh, 357 S.C. 64, 68, 590 S.E.2d 506, 508 (Ct. App. 2003).
LAW/ANALYSIS
RCIC initially appealed on two grounds.  First, RCIC maintains the trial judge erred in finding that claims brought by T & M were not subject to the arbitration clause in the policy.  Second, RCIC argues the South Carolina Arbitration Act did not reverse preempt the Federal Arbitration Act.  The trial judge did not rule upon the second issue, and T & M conceded no dispute existed over the application of the Federal Arbitration Act to any arbitable aspect of this cause of action.  Therefore, we only address the first issue.  
RCIC contends the causes of action brought by T & M are within the scope of the arbitration clause contained in the policy.  We disagree. 
To decide whether an arbitration agreement encompasses a dispute, a court must determine whether the factual allegations underlying the claim are within the scope of the broad arbitration clause, regardless of the label assigned to the claim.  Zabinski, 346 S.C. at 597, 553 S.E.2.d at 118.  Any doubts concerning the scope of the arbitration clause, should be resolved in favor of arbitration.  Id. 
RCIC argues the claims brought by T & M are squarely within the scope of the arbitration clause because they involve a factual determination as set forth in the language of the arbitration clause.  RCIC cites several federal district court cases finding factual determinations pursuant to the language in the policy.[2]  These cases, however, are distinguishable from the case at bar because each involved a specific factual discrepancy related to coverage under the policies.  Although RCIC argues that the claims of T & M farm are based on a number of factual determinations by RCIC, it fails to show any such determinations.  
T & M asserts no factual dispute exists, and we agree.  T & M does not dispute RCICs interpretation of the language in the policy with regard to coverage.  T & M does not disagree with the findings of RCICs audit, which uncovered the use of the incorrect production history data.  In addition, T & M does not dispute that incorrect data was used to determine the amount of insurance T & M was allowed to purchase and as a result, the indemnification received by T & M needed to be adjusted.  The crux of T & Ms action is not whether RCIC was incorrect in determining it received an indemnification greater than T & M was allowed to receive, but whether RCIC is vicariously liable for the negligence of its agent.  This action relates not to the policy, but to the actions of RCICs agent in procuring the policy for T & M and RCICs actions after it discovered the wrong information was utilized.  Therefore, we find the causes of action alleged by T & M do not involve a factual determination.  Thus, these causes of action lie outside the scope of the arbitration clause in the policy and are not subject to arbitration.  The trial judges order denying RCICs motion to compel arbitration is therefore
AFFIRMED.
HEARN, C.J., GOOLSBY and WILLIAMS, JJ., concur. 

[1]  Jackie Starnes did not appeal from the trial courts ruling.  Therefore, the current appeal concerns only those claims T & M asserts against RCIC.  
[2] See, e.g.,  In re 2000 Sugar Beet Crop Ins. Litig., 228 F. Supp. 2d 992 (D. Minn. 2002) (finding denial of coverage to be a factual determination); Ledford Farms, Inc. v. Firemans Fund Ins. Co., 184 F. Supp. 2d 1242 (S.D. Fla. 2001) (finding the issue of whether it was practical to replant a crop, as required under the policy, was a factual determination); Nobles v. Rural Cmty. Ins. Servs., 122 F. Supp. 2d 1290 (M.D. Ala. 2000) (finding the issue of whether a portion of the crop had been harvested within the time allowed under the policy to be a factual determination).