636 S.E.2d 1

**Hiesha WRIGHT, Respondent,**

v.

**James H. DICKEY, Appellant.**

No. 4126.

Court of Appeals of South Carolina.

Submitted June 1, 2006.

Decided June 19, 2006.

Withdrawn, Substituted, and Refiled Sept. 11, 2006.

Rehearing Denied Oct. 20, 2006.

James H. Dickey, of Atlanta, for Appellant.

Kevin Mitchell Barth, of Florence, for Respondent.

KITTREDGE, J.:

We are presented with an appeal from a decision of the Resolution of Fee Disputes Board of the South Carolina Bar.

We dismiss this appeal and hold that this court lacks appellate jurisdiction to review such matters.[1]

## I.

Hiesha Wright retained Dickey in February of 2001 to advise her in certain legal matters. She paid Dickey for his services. According to Wright, Dickey failed to perform the work and refused to return the fee. Wright filed an application with the Resolution of Fee Disputes Board of the South Carolina Bar (Board). Having submitted the fee dispute to the Board, Wright bound herself and Dickey (as a member of the South Carolina Bar) to the decision of the Board. *See* Rule 416, SCACR, Rule 9.

In compliance with Rule 416, SCACR, the matter was referred to the circuit chair and assigned to an investigator. Dickey initially cooperated with the inquiry, but subsequently refused to communicate with the Board's investigator. The investigation yielded a recommendation that Dickey return a portion of the retainer to Wright.

The circuit chair reviewed, and ultimately concurred with, the recommendation. Because the amount in dispute was less than $5,000, the circuit chair's concurrence represented the final decision of the Board. Rule 416, SCACR, Rule 13.

On October 8, 2002, Dickey appealed to the circuit court pursuant to Rule 20 of the Rules of the Board, but set forth no grounds for the appeal. Dickey's notice of appeal stated that the grounds for the appeal would be included in his "forthcoming" brief. Despite repeated requests that he do so, Dickey never filed a brief in regards to this matter, and did not assert any specific grounds for relief. Dickey attempted to state his grounds for appellate review after the matter was heard in the circuit court.

After continuances at Dickey's request, the case was called for a hearing on March 2, 2004, before Judge B. Hicks Harwell. Dickey attended this hearing. Because Wright appeared *pro se,* Judge Harwell granted 15 days for Wright to retain counsel. Judge Harwell subsequently recused himself.

---

1. We decide this case without oral argument pursuant to Rule 215, SCACR.

The Chief Justice of the South Carolina Supreme Court issued an order reassigning the matter to Judge Edward B. Cottingham.

The hearing was rescheduled for April 5, 2004, and Dickey was properly notified by certified mail. Dickey knew of this hearing, for he again requested a continuance. Dickey failed to appear at the hearing. As noted, Dickey failed to file a brief or memorandum specifying the grounds for his appeal. The circuit court entered an order dismissing the appeal with prejudice.

Dickey filed a motion to alter or amend, contending that he did not receive proper notice of the hearing, and that the circuit court judge erred in refusing to recuse himself from the case. The circuit court denied the motion, finding that: (1) Dickey received proper notice and willfully failed to attend the hearing; and (2) Dickey never filed a motion requesting recusal and failed to provide any evidence of a conflict of interest or other reason requiring recusal. This appeal followed.

## II.

We find this court lacks jurisdiction to review this appeal. Rule 201(a), SCACR, provides that appeals "may be taken, *as provided by law*, from any final judgment or appealable order." (Emphasis added.) In the civil arena, "[t]he right of appeal arises from and is controlled by statutory law." *N.C. Fed. Sav. & Loan Ass'n v. Twin States Dev. Corp.*, 289 S.C. 480, 481, 347 S.E.2d 97, 97 (1986).

The criteria for determining appealability are set forth in sections 14–3–320 and –330 of the South Carolina Code (Supp. 2005). S.C.Code Ann. § 18–9–10 (Supp.2005). Section 14–3–320 provides for appellate jurisdiction in equity cases.[2] Section 14–3–330 provides that appellate courts "shall have appellate jurisdiction for correction of errors of law in law cases...." We are not, however, presented with a typical action at law or equity, but a specialized proceeding before a

2. Section 14–3–320 has been declared unconstitutional to the extent it purports to limit the scope of appellate review in domestic cases. *Rutherford v. Rutherford*, 307 S.C. 199, 204, 414 S.E.2d 157, 160 (1992).

branch of the South Carolina Bar, which in turn is an administrative arm of the South Carolina Supreme Court.

The case of *Kores Nordic (USA) Corp. v. Sinkler, Gibbs & Simons*, 284 S.C. 513, 327 S.E.2d 365 (Ct.App.1985), is instructive. Kores Nordic submitted a fee dispute with the Sinkler law firm to the Resolution of Fee Disputes Board. *Id.* at 514, 327 S.E.2d at 365. At the time, the applicable rules did not provide for *any* appeal of the Board's decision. Dissatisfied with the decision of the Board, Kores Nordic sought an appeal to the circuit court under the Administrative Procedures Act (APA). The circuit court dismissed the attempted appeal, and this court affirmed. The APA "requires as a prerequisite to judicial review that a final decision in a contested case have been rendered by an 'agency.'" *Id.* at 515, 327 S.E.2d at 366. We held that the Board, as part of the South Carolina Bar (and hence our supreme court), was not an "agency" within the ambit of the APA. *Id.* at 516, 327 S.E.2d at 366.

Subsequent to our opinion in *Kores Nordic*, Rule 416 was amended to provide for a limited right of appeal to the circuit court. The rule (Rule 20 within SCACR Rule 416) provides that a party may appeal a final decision of the Board to the circuit court on certain limited grounds. No mention is made of further appeal. Indeed, further appeal runs contrary to the Board's purpose of expeditious resolution of fee disputes. *See* Rule 416, SCACR, Rule 2 ("The purpose of the Board is to establish procedures whereby a dispute concerning fees ... may be resolved expeditiously...."); *Byrd v. Irmo High Sch.*, 321 S.C. 426, 433–34, 468 S.E.2d 861, 865 (1996) (recognizing that where a statute specifically sets forth an appeals procedure, we may not expand our jurisdiction through implication).

## III.

We conclude there is no appeal from a decision of the Resolution of Fee Disputes Board of the South Carolina Bar beyond the circuit court as set forth in Rule 416, SCACR, Rule 20. This appeal is

**DISMISSED.**

SHORT and WILLIAMS, JJ., concur.