THIS
 OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Fletcher N.
 Smith, Jr., Appellant,
 v.
 Timothy Lee
 Mills, Respondent.
 
 
 

Appeal From Greenville County
 Larry R. Patterson, Circuit Court Judge
Unpublished Opinion No. 2008-UP-032
Submitted January 1, 2008  Filed January
 11, 2008    
DISMISSED

 
 
 
 Fletcher N. Smith, Jr., of Greenville, for Appellant.
 Timothy Lee Mills, Chester, for Respondent.
 
 
 

PER CURIAM:  Attorney
 Fletcher N. Smith, Jr. appeals from a decision by the Resolution of Fee
 Disputes Board ordering him to return a portion of his retainer fee to Timothy
 Mills.  The circuit court affirmed the decision by the Board requiring Smith to
 refund $1,900 of his $2,500 fee to Mills.  Smith appeals the decision.  We
 dismiss.[1]
FACTS
Timothy Mills, or someone on his behalf, paid Fletcher Smith a
 retainer fee of $2,500 on October 26, 2001.  Though there was no written
 agreement, it was understood that Smith would file a Motion For Reconsideration
 for Mills in this criminal case.  He had been sentenced on August 15, 2001.  
 
Under Rule 29 (a) SCRCP, any motion to reconsider must be filed
 within 10 days of sentencing and Smith was not hired until more than 30 days
 had elapsed.  Mills wanted a refund of his fee to Smith because he should have
 been told by Smith that it was too late to file a Motion to Reconsider.  
The Fee Disputes Board found that though the money was actually
 paid by Mills girlfriend and there was no fee agreement that a portion of the
 fee should be returned to Mills.  The Board calculated that Smith should retain
 $600 and refund $1,900 to Mills.  Smith appealed the decision to the circuit
 court where it was affirmed.  
LAW/ANALYSIS
Smith
 argues the trial court should have considered South Carolina Code Section
 40-5-390 and vacated the Fee Disputes Boards decision.  This court, however,
 lacks jurisdiction to review this appeal.  In Rule 416 SCACR Rule 20, it states
 that a party may appeal the final
 decision of the Board to the circuit court. No other avenue of appeal is set
 forth in the rule.  A very straight forward process is set forth with review by
 the Board and appeal to the circuit court only.  In Wright v. Dickey, 370 S.C. 517, 521,
 636 S.E.2d 1, 3 (2006), this court stated there is no appeal from a decision
 of the Resolution of Fee Disputes Board of the South Carolina Bar beyond the
 circuit court as set forth in Rule 416, SCACR, Rule 20.  Therefore, this court
 has no jurisdiction for this appeal.
CONCLUSION
We conclude that there is no appeal from the South Carolina
 Resolution of Fee Disputes Board beyond the circuit court.  Therefore this
 appeal is dismissed.
DISMISSED.
HUFF and
 PIEPER, JJ., and GOOLSBY, AJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.