**535 At a hearing on Attorney's motion, Client contended the circuit court lacked the authority to send a fee dispute to the Board without her consent. Client also argued Attorney waived the right to have the fee dispute settled before the Board by electing instead to file a lawsuit in the circuit court.
On December 4, 2015, the circuit court granted Attorney's motion, concluding the fee agreement bound Client to adjudicate any fee disputes before the Board. Client filed a motion to reconsider, arguing (1) the circuit court lacked the authority to compel Client to arbitrate fee disputes through the Board, (2) Client did not consent to the Board's jurisdiction, (3) the fee agreement was unlawful under the Uniform Arbitration Act, and (4) Attorney waived the right to compel arbitration by filing a lawsuit in the circuit court. The court denied the motion by form order. This appeal followed.
II. DISCUSSION
Rule 416, SCACR, vests the Board with jurisdiction to hear certain fee disputes. A *71 fee dispute arises "when the parties to an employment agreement between lawyer and client have a genuine difference as to the fair and proper amount of a fee." Rule 416, SCACR, Rule 2. The "amount in dispute" is defined as the difference in the dollar amount between the attorney and client's determination of the appropriate fee. Id . But, "[a] dispute does not exist solely because of the failure of the client to pay a fee." Id .
Rule 2 of Rule 416, SCACR, further states that the Board may not undertake to resolve: "(1) a fee dispute involving an amount in dispute of $50,000 or more; [or] (2) disputes over fees which by law must be determined or approved, as between lawyer and client, by a court, commission, judge, or other tribunal," Additionally, no fee disputes "may be filed more than three years after the dispute arose." Id .
Rule 9 of Rule 416, SCACR, provides:
(a) Any client-applicant for the services of the Board must consent in writing to be bound by a final decision of the Board. Thereafter, the attorney is also bound.
(b) No application will be accepted from an attorney unless accompanied by the client's written consent to jurisdiction **536 and consent to be bound by the final decision of the Board. Thereafter, both parties are bound.
(c) Upon consent of the client-applicant to be bound by the final decision of the Board, exclusive jurisdiction over the fee dispute vests in the Board.
A. Waiver by Attorney
Client first argues Attorney waived the right to compel her appearance before the Board by electing instead to file a lawsuit in the circuit court. Client relies on the case of Hyload, Inc. v. Pre-Engineered Prod., Inc. , for the proposition that a party may waive a contractual right to arbitrate by bringing a suit on the underlying contract rather than the arbitration provision. 308 S.C. 277, 280, 417 S.E.2d 622, 624 (Ct. App. 1992). Attorney contends that under the fee agreement and Rule 416, SCACR, only a "dissatisfied party" could submit a fee dispute to the Board; because Attorney believed her fee to be fair and reasonable, she was not a dissatisfied party and therefore could not institute a fee dispute proceeding.
We find Attorney did not waive the right to resolve the fee dispute before the Board by filing a collection action in the circuit court. Neither the plain language of the fee agreement nor Rule 416, SCACR, mandates that a party must initiate a proceeding before the Board prior to filing an action to recover unpaid attorney's fees. The fee agreement provides that "any dispute concerning the fee due" shall be submitted by the "dissatisfied party" to the Board. There is no evidence suggesting Client was dissatisfied with Attorney's performance or that Client contested the amount or reasonableness of Attorney's bill prior to the present action. To the contrary, the family court's unappealed final order found Attorney's performance supported an award of attorney's fees. Only when Client disputed the amount of the bill and refused to pay, could Attorney become a "dissatisfied party" under the fee agreement.
Moreover, Rule 2 of Rule 416, SCACR, provides that a "fee dispute" does not exist until after the attorney and client "have a genuine difference as to the fair and proper amount of a fee." Nothing in Rule 416 precludes an attorney from filing a civil suit to collect a delinquent fee from a client **537 who has not contested the validity of the fee; rather, Rule 2 of Rule 416 explicitly states "[a] dispute does not exist solely because of the failure of the client to pay a fee." Here, Client allegedly failed to pay her fee, but under Rule 416, that alone was insufficient to bring the matter before the Board. Importantly, Client did not actually dispute the fee until she filed an answer to Attorney's complaint and invoked the fee dispute provision as an affirmative defense.
Furthermore, we find Hyload, Inc. v. Pre-Engineered Prod., Inc. distinguishable from the present case.[4] In that case, a distributor sued Hyload for breach of contract, but when *72 Hyload sought to enforce an arbitration provision in the contract, the distributor complied by sending the arbitration documents to Hyload's office for its signature. 308 S.C. at 279, 417 S.E.2d at 623-24. After receiving the arbitration documents, however, Hyload refused to sign and instead commenced a claim and delivery action against the distributor under a different section of the agreement. Id . When the distributor reinstituted its original action for breach of contract, Hyload again asserted the breach of contract action was subject to the arbitration provision. Id . at 280, 417 S.E.2d at 624. This court held that under those facts, Hyload waived its contractual right to arbitrate by bringing a suit on the underlying contract rather than seeking to enforce the arbitration provision. Id .
Additionally, both Hyload and subsequent cases have required the party opposing arbitration to show actual prejudice before a waiver is found. See Toler's Cove Homeowners Ass'n, Inc. v. Trident Const. Co. , 355 S.C. 605, 612, 586 S.E.2d 581, 585 (2003) ("In order to establish waiver, a party must show prejudice through an undue burden caused by delay in demanding arbitration."); Rich v. Walsh , 357 S.C. 64, 71, 590 S.E.2d 506, 509 (Ct. App. 2003) ("South Carolina has primarily ... followed the approach adopted by the federal courts of the Fourth Circuit and other jurisdictions which require a showing of actual prejudice before finding waiver.");
**538 Evans v. Accent Manufactured Homes, Inc. , 352 S.C. 544, 550, 575 S.E.2d 74, 76-77 (Ct. App. 2003) ("Mere inconvenience to an opposing party is not sufficient to establish prejudice, and thus invoke the waiver of right to arbitrate."). Here, Client has not alleged any prejudice she will suffer if required to resolve the fee dispute through the Board. See Rich , 357 S.C. at 72, 590 S.E.2d at 510 ("The party seeking to establish waiver has the burden of showing prejudice."). Client will still be able to litigate her counterclaims against Attorney, as they are still under the jurisdiction of the circuit court. Furthermore, if dissatisfied with the decision of the Board, Client will be able to seek review of the decision with the circuit court. See Rule 416, SCACR, Rule 20; Wright v. Dickey , 370 S.C. 517, 521, 636 S.E.2d 1, 2 (Ct. App. 2006) "[Rule 416, SCACR] provides that a party may appeal a final decision of the Board to the circuit court on certain limited grounds.").
B. Withdrawal of Consent
Client next argues the circuit court lacked legal authority to compel Client to appear before the Board because Client did not consent to the Board's jurisdiction. Specifically, Client asserts Rule 416, SCACR, requires the client to give written consent to the Board's jurisdiction after the fee dispute arises.
We find Client consented to the jurisdiction of the Board as required under Rule 9 of Rule 416, SCACR, by signing the fee agreement. The rule does not draw a distinction between a client who consents to jurisdiction prior to the representation and one who gives consent after a fee dispute arises. See Rule 416, SCACR, Rule 9(b) ("No application will be accepted from an attorney unless accompanied by the client's written consent to jurisdiction and consent to be bound by the final decision of the Board."). Here, Client entered into a valid contract, the plain language of which contemplated that when a fee dispute arises it would be sent to the Board for a resolution. See Jordan v. Sec. Grp., Inc. , 311 S.C. 227, 230, 428 S.E.2d 705, 707 (1993) ("Where the language of a contract is plain and capable of legal construction, that language alone determines the instrument's force and effect."). By signing the contract and agreeing to be bound by the terms of the fee agreement, the parties conferred exclusive jurisdiction to the Board over fee disputes. See **539 Bailey v. Bailey , 312 S.C. 454, 459, 441 S.E.2d 325, 327 (1994) (noting exclusive jurisdiction over a fee dispute vests in the Board upon a client's consent to be bound). Accordingly, we find the circuit court was within its authority to enforce the contractual provision and send the fee dispute to the Board.
C. Applicability of the Uniform Arbitration Act
Finally, Client argues that because the Board is effectively an arbitral body, the *73 fee dispute provision was required to comply with the portions of the Uniform Arbitration Act that require all arbitration clauses to appear conspicuously on the first page of a contract. Client argues the fee dispute provision here is unenforceable because it appears on the second page of the fee agreement.
Section 15-48-10(a) of the South Carolina Code (2005) requires certain arbitration agreements to be "typed in underlined capital letters, or rubber stamped prominently, on the first page of the contract." Otherwise, the provision is unenforceable. The Uniform Arbitration Act does not apply, however, to "pre-agreement[s] entered into when the relationship of the contracting parties is such that of lawyer-client." S.C. Code Ann. § 15-48-10(b)(3) (2005).
While we acknowledge the resolution of a fee dispute before the Board is similar to arbitration, section 15-48-10(b)(3) of the Uniform Arbitration Act explicitly states that pre-agreements between an attorney and a client are not subject to the requirements of the Uniform Arbitration Act. In the present case, the agreement between Attorney and Client cannot fairly be categorized as anything other than a "pre-agreement entered into when the relationship of the contracting parties is such that of lawyer-client." Furthermore, even if we were to accept Client's argument-that the fee agreement falls under the purview of the Uniform Arbitration Act-we note that orders compelling arbitration are not immediately appealable. See section 15-48-200(a) of the South Carolina Code (2005) (listing orders related to arbitration that are subject to immediate appeal); Toler's Cove Homeowners Ass'n, Inc. , 355 S.C. at 610, 586 S.E.2d at 584 (2003) (stating that all orders relating to arbitration not mentioned in section 15-48-200(a) are not immediately appealable). Accordingly, we find the **540 circuit court correctly found the Uniform Arbitration Act was inapplicable to the current case.
III. CONCLUSION
Based on the foregoing, we find no error in the circuit court order compelling Client and Attorney to resolve their fee dispute before the Board. We further find the Uniform Arbitration Act is inapplicable to fee agreements entered into between an attorney and client. Therefore, the order of the circuit court is
AFFIRMED
THOMAS and MCDONALD, JJ., concur.

We also note the procedure under Rule 416, SCACR, for resolving a fee dispute before the Board is inconsistent with the arbitration procedures outlined in the Uniform Arbitration Act. For this reason, we believe Client's reliance on arbitration decisions is misplaced.