United States Court of Appeals,

Eleventh Circuit.

No. 96-4796.

WILLIAMS FARMS OF HOMESTEAD, INC., a Florida corporation and Hilson Farms, Inc., a Florida corporation, Plaintiffs-Appellants,

v.

RAIN AND HAIL INSURANCE SERVICES, INC., a Delaware corporation and Cigna Property and Casualty Insurance Company, a Delaware corporation, Defendants-Appellees.

ALGER FARMS, INC., Plaintiff-Appellant,

v.

CROP GROWERS, INC. and Continental Insurance Company, a subsidiary of Continental Corporation, Defendants-Appellees.

Sept. 9, 1997.

Appeal from the United States District Court for the Southern District of Florida. (Nos. 95-907-CIV-DLG), 95-908-CIV-DLG), Donald L. Graham, Judge.

Before COX and BARKETT, Circuit Judges, and SMITH[*], Senior Circuit Judge.

COX, Circuit Judge:

Plaintiffs brought this action against private insurance companies after crop loss claims on their multi-peril crop insurance policies were denied. The insurance companies were reinsured by the Federal Crop Insurance Corporation. The district court dismissed the action because it concluded that under the Federal Crop Insurance Act the exclusive remedy for such claims is an action against the Federal Crop Insurance Corporation or the Secretary of Agriculture. We reverse and remand.

BACKGROUND

Plaintiffs are three corporate potato farmers in south Dade County, Florida, who were the insureds under multi-peril crop insurance policies issued by the defendants. More specifically, plaintiffs Williams Farms of Homestead, Inc. ("Williams"), and Hilson Farms, Inc. ("Hilson"), were

[*]Honorable Edward S. Smith, Senior U.S. Circuit Judge for the Federal Circuit, sitting by designation.

issued policies by defendant Cigna Property and Casualty Insurance Company ("Cigna"). These policies were sold to Williams and Hilson through defendant Rain and Hail Insurance Services, Inc. ("Rain & Hail"), who served as Cigna's agent. Plaintiff Alger Farms, Inc. ("Alger"), was issued its policy by defendant Continental Insurance Company ("Continental"). That policy was sold to Alger through defendant Crop Growers, Inc. ("Crop Growers"), who served as agent for Continental. In this opinion, the three farming operations will be referred to collectively as "plaintiffs," and the two insurance companies and their agents will be referred to collectively as "defendants."[1]

The policies in question were issued "subject to" the Federal Crop Insurance Act (FCIA), 7 U.S.C. § 1501 *et seq.,* and reinsured by the Federal Crop Insurance Corporation, (FCIC), an agency within the Department of Agriculture. The policies contain the following provision:

> This insurance policy is reinsured by the Federal Crop Insurance Corporation under the provisions of the Federal Crop Insurance Act, as amended (the Act) (7 U.S.C. 1501 *et. seq.*), and all terms of the policy and rights and responsibilities of the parties are specifically subject to the Act and the regulations under the Act published in Chapter IV of 7 CFR.

(*See* R.1-23, exhibit A.)

After plaintiffs' potato crops were damaged in November 1994 as a result of Tropical Storm Gordon, plaintiffs submitted claims to their respective insurance companies for their crop loss. All the claims were denied based on policy language requiring that destroyed potato crops be replanted when it is "practical to replant."

Following denial of their claims, Williams and Hilson filed an action against Cigna and Rain & Hail, and Alger filed an action against Continental and Crop Growers. The district court consolidated the two actions pursuant to Fed.R.Civ.P. 42(a). The complaints assert the existence of both federal question jurisdiction by virtue of the FCIA, and diversity jurisdiction. The plaintiffs seek (1) a declaratory judgment, pursuant to 28 U.S.C. § 2201, interpreting the term "practical to replant," and (2) damages for breach of contract. The FCIC is not a party.

---

[1]Why the agents that issued the policies are sued is not apparent from the complaint, which seems to make no distinction between the agents and the insurers.

On defendants' motion, the district court dismissed plaintiffs' claims "without prejudice" to enable the plaintiffs to file suit against the FCIC or the Secretary of Agriculture ("the Secretary"). The district court reasoned that the FCIA does not create a federal cause of action against private reinsured companies, but only provides that the FCIC or the Secretary may be sued. The court concluded, therefore, that it lacked federal question jurisdiction over claims against private reinsured companies like the defendants. The court then concluded that the plaintiffs' breach of contract claims, which invoke the court's diversity jurisdiction, are preempted by the FCIA. The court reasoned that, because Congress has provided a remedy in the form of an action against the FCIC or the Secretary, contract claims against private insurance companies are preempted.

## ISSUES ON APPEAL & CONTENTIONS OF THE PARTIES

Our inquiry is two-fold. We must first decide whether the district court correctly concluded that the FCIA does not authorize a suit by the insured against its private insurance company. If we conclude that the district court is correct in this conclusion, we must then decide whether the FCIA preempts a suit against a private insurance company reinsured by the FCIC. These conclusions by the district court are conclusions of law over which we have plenary review. *See Gold Kist v. C.I.R.,* 110 F.3d 769, 771 (11th Cir.1997).

Plaintiffs contend that the district court misinterpreted the FCIA. They argue that the sections of the FCIA relied on by the district court only establish venue for a suit against the FCIC and in no way restrict the right of an insured farmer to sue his private insurer. In advancing this argument, plaintiffs rely on statutory construction principles and the FCIA's legislative history. Plaintiffs further contend that the FCIA does not preempt a state law action for breach of contract.

Defendants contend that the district court correctly concluded that the FCIA does not authorize a suit against a private insurance company reinsured by the FCIC. Defendants also argue that any state law claims asserted against such a private insurer are preempted by the FCIA.

## DISCUSSION

3

The issues we address regarding the interpretation of the FCIA are questions of first impression in this circuit. While we are plowing new legal ground, we are guided by principles of statutory construction well-rooted in our jurisprudence.

Perhaps our starting point should be to focus on the rule that would apply in the absence of the statute. Under the common law, the liability of the reinsurer is solely to the reinsured and not to the original insured. 1 Eric Mills Holmes & Mark S. Rhodes, Holmes's Appleman on Insurance § 2.15 (Eric Mills Holmes, ed., 2d ed.1996). Consequently, in the absence of a statute creating a cause of action against the FCIC, the plaintiffs here have no remedy against the FCIC. The FCIA was enacted by Congress in 1938 "to promote the national welfare by improving the economic stability of agriculture through a sound system of crop insurance and providing the means for the research and experience helpful in devising and establishing such insurance." 7 U.S.C. § 1502 (1994). Under the original scheme of the FCIA, only the FCIC issued crop insurance policies and handled claims on the policies. *See* H.R.Rep. No. 96-430, at 12-13 (1979), *reprinted in* 1980 U.S.C.C.A.N. 3068, 3075. When the FCIA was amended in 1980, Congress authorized the FCIC to utilize private insurance companies in providing crop insurance to the Nation's farmers. *Id.* These private insurance companies sell and service crop insurance policies and are reinsured by the FCIC. *Id.* at 13-15, *reprinted in* 1980 U.S.C.C.A.N. 3068, 3075-77. So under the current scheme, the FCIC both insures farmers directly and reinsures private companies who insure farmers. *See* 7 U.S.C. § 1508(a).

Since the original 1938 version of the FCIA, Congress has allowed the FCIC to "sue and be sued in its corporate name." 7 U.S.C. § 1506(d). As part of the 1980 amendment, Congress granted exclusive original jurisdiction over suits brought by or against the FCIC to the federal district courts. Previously, federal district courts and state courts shared concurrent jurisdiction over such actions. Pub.L. No. 96-365, § 103(2), 94 Stat. 1313, 1317 (1980) (codified as amended at 7 U.S.C. § 1506(d)).

After the 1980 amendment deleted a reference to state courts, the FCIA contained the following provision regarding actions against the FCIC: "In the event that any claim for indemnity under the provisions of this chapter is denied by the [FCIC], an action on such claim may be brought against the [FCIC] in the United States district court for the district in which the insured farm is located...." Pub.L. No. 96-365, § 106(2), 94 Stat. 1314, 1315, 1317 (codified at 7 U.S.C. § 1508(c) with current amended version at 7 U.S.C. § 1508(j)(2)(A)). This provision was again amended in 1994. Pub.L. No. 103-354, § 106, 108 Stat. 3183 (1994). The current version reads: "Subject to [a statute of limitations], if a claim for indemnity is denied by the [FCIC] or an approved provider, an action on the claim may be brought against the [FCIC] or the Secretary only in the United States district court for the district in which the insured farm is located." 7 U.S.C. § 1508(j)(2)(A).

We agree with the district court that none of these provisions in the FCIA create a federal cause of action against a private insurance company reinsured by the FCIC. Thus, the district court correctly concluded that it lacked federal question jurisdiction over such a suit.

But recognizing that it also had diversity jurisdiction, the district court went on to conclude that the FCIA preempts a contract claim by the insured against a private company that is reinsured by the FCIC. We disagree with this conclusion.

We have said that federal law may preempt state law in three different ways:

First, Congress, in drafting a statute, may use language that dictates the extent to which the statute preempts state law. Second, despite the absence of such language, the wording of the statute or its legislative history may evince Congress' intent to occupy a given regulatory field to the exclusion of state law. Third, even when Congress has not occupied the entire regulatory field, federal law nevertheless may implicitly preempt state law to the extent that state law conflicts with a federal regulatory scheme.

*3M Health Care, Ltd. v. Grant,* 908 F.2d 918, 920 (11th Cir.1990) (quoting *Taylor v. General Motors Corp.,* 875 F.2d 816, 822 (11th Cir.1989)).

Congress did not draft the FCIA to expressly preempt state law claims nor does the wording of the statute or its legislative history evince an intent to preempt state law claims. As the Supreme Court reminds us, "the starting point for interpreting a statute is the language of the statute itself. Absent a clearly expressed legislative intention to the contrary, that language must ordinarily be

5

regarded as conclusive." *Consumer Product Safety Com'n v. GTE Sylvania, Inc.,* 447 U.S. 102, 108, 100 S.Ct. 2051, 2056, 64 L.Ed.2d 766 (1980).

Section 1508(j)(2)(A) states that in the face of a denial of a claim by the FCIC or an approved crop insurance provider, an insured "may" bring suit against the FCIC or the Secretary. This language is permissive, and does not make a suit against the FCIC or the Secretary the exclusive remedy. The legislative development of this section supports our conclusion.

Section 1508(j) was created by the passage of H.R. 4217 on October 13, 1994. Pub.L. No. 103-354, 108 Stat. 3183 (1994). A previous version of H.R. 4217 adopted by the Senate read:

> Subject to [a statute of limitations], if a claim for indemnity is denied by the [FCIC] or by the private insurance provider, an action on the claim *shall only be brought* against the [FCIC] or Secretary or insurance provider in the United States District Court for the district in which the insured farm is located.

H.R. 4217, 103d Cong. § 1108(I)(2)(A) (1994) (emphasis added). And, as previously set out, the final version passed by both the House and the Senate reads:

> Subject to [a statute of limitations], if a claim for indemnity is denied by the [FCIC] or an approved provider, an action on the claim *may be brought* against the [FCIC] or the Secretary only in the United States district court for the district in which the insured farm is located.

7 U.S.C. § 1508(j)(2)(A) (emphasis added).

In this final version, Congress opted for the phrase "may be brought" instead of "shall only be brought." Canons of statutory construction teach that "if the bill was originally introduced containing a permissive verb and finally passed containing an imperative verb, or vice versa, the verb in the final bill prevails and carries its ordinary meaning." Norman J. Singer, Sutherland Statutory Construction, § 57.05 at 18 (5th ed.1992). Thus, we read § 1508(j)(2)(A) as permitting a suit against the FCIC or the Secretary of Agriculture—not as mandating such a suit.

Moreover, when the Senate proposed to use the restrictive phrase "shall only be brought," it included the insurance provider as a potential defendant. Thus, at no point in the evolution of §

6

1508(j)(2)(A) did Congress consider preventing farmers from suing their private insurance company when that insurance company denies their claim.[2]

Congress's placement of the word "only" in the final version is also instructive. The restrictive word "only" directly precedes, and therefore modifies, the description of the venue for an action against the FCIC or the Secretary, when such an action is pursued. "Only" does not restrict which parties may be sued when a claim is denied by the FCIC or an approved provider—the word merely dictates that in the event that the FCIC or the Secretary is sued, the suit must be in the federal district court for the district in which the insured farm is located.

In short, the FCIA provisions at issue here are barren of language regarding suits against private companies reinsured by the FCIC. These provisions do not grant district courts federal question jurisdiction over such suits, they do not preempt such suits, and they do not establish venue for such suits. Congress could have made provision for such things, as it did when it launched the National Flood Insurance Program. *See* National Flood Insurance Act of 1968 (NFIA), 42 U.S.C. § 4001-4129. The NFIA authorizes private insurance companies to write flood insurance policies in conjunction with the Federal Emergency Management Agency (FEMA). *See* 42 U.S.C. § 4011(c). The NFIA provides that when an insurance company disallows a claim, the claimant

> may institute an action on such claim against such company or other insurer in the United States district court for the district in which the insured property ... shall have been situated, and original exclusive jurisdiction is hereby conferred upon such court to hear and determine such action without regard to the amount in controversy.

42 U.S.C. § 4053.

The FCIA does not contain a similar provision concerning suits against participating private insurance companies. We thus infer that Congress intended to leave insureds with their traditional contract remedies against their insurance companies. Such remedies include a state law breach of contract claim. This inference is strengthened by other provisions of the FCIA and FCIC regulations

---

[2]This statement holds true after examining H.R. 4217 as first introduced in the House, *see* H.R. 4217, 103d Cong. § 2(I) (April 14, 1994), as reported to the full House by the Agriculture Committee, *see* H.R. 4217, 103d Cong. § 7(j) (August 1, 1994), and as first passed by the House before going to the Senate, *see* H.R. 4217, 103d Cong. § 7(j)(2)(A) (1994).

that presume an action against private insurance companies. *See* 7 U.S.C. § 1508(j)(3) (mandating that the FCIC provide approved insurance providers with indemnification); 7 C.F.R. § 400.176(b) (1997) (preemption provision limiting specified claims for damages against reinsured companies "other than damages to which the [FCIC] would be liable under federal law if the [FCIC] had issued the policy of insurance under its direct writing program...."). The existence of a claim against a private reinsured company is therefore consistent with the scheme of the FCIA.

CONCLUSION

Because we conclude that an action against the FCIC or the Secretary is not the exclusive remedy for the denial of a claim by a private company reinsured by the FCIC, we REVERSE the district court's judgment dismissing this action and REMAND for further proceedings consistent with this opinion.

REVERSED and REMANDED.