**LEDFORD FARMS, INC., Plaintiff,**

v.

**FIREMAN'S FUND INSURANCE COMPANY, Defendant.**

**No. 013132CIVHIGHSMITH.**

United States District Court, S.D. Florida.

Oct. 24, 2001.

Eric L. Stettin, Kuvin & Stettin, P.A., Fort Lauderdale, FL, for plaintiff.

Christienne Sherouse, Gaebe, Murphy, Mullen & Antonelli, P.A., Miami, FL, for defendant.

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION AND STAY FURTHER COURT PROCEEDINGS**

HIGHSMITH, District Judge.

THIS CAUSE is before the Court upon Defendant Fireman's Fund Insurance Company's motion to dismiss or, in the alternative, to compel arbitration and to stay court proceedings (DE 3). For the reasons that follow, the motion to dismiss is denied and the motion to compel arbitration and stay further court proceedings is granted.

## I. Background

Defendant Fireman's Fund Insurance Company ("Fireman's Fund"), a private insurance company, issued a Multiple Peril Crop Insurance ("MPCI") policy to plaintiff Ledford Farms, Inc. ("Ledford"). MPCI is federally regulated and subsidized insurance made available to farmers pursuant to the Federal Crop Insurance Act of 1939.[1] MPCI policies indemnify farmers against certain perils inflicted upon their crops. The terms and conditions of a MPCI policy are mandated by the Federal Crop Insurance Corporation[2] ("FCIC") and are published in the Code of Federal Regulations. *See*, 7 C.F.R. pt. 457 (1998). MPCI policies are issued three different ways; the preferred method has the FCIC reinsuring private insurers that issue the policies to farmers.

The MPCI policy issued to Ledford indemnified it against losses to its fresh market bean crop grown in Dade County. Like all other MPCI policies, Ledford's

---

1. For a detailed discussion of the history and purpose of the Federal Crop Insurance Act of 1939, see *State of Kansas ex rel. Todd v. United States,* 995 F.2d 1505, 1507–08 (10th Cir. 1993).

2. FCIC is a wholly government-owned corporate body and agency within the Department of Agriculture.

policy contains the following provision which excludes coverage for acreage "[o]n which the insured crop is damaged and it is practical to replant the insured crop, but the insured crop is not replanted." *See,* 7 C.F.R. § 451.8. The policy defines "practical to replant" as follows:

> Our determination, after loss or damage to the insured crop, based on all factors, including, but not limited to moisture availability, marketing window, condition of the field, and time to crop maturity, that replanting the insured corp will allow the crop to attain maturity prior to the calendar date for the end of the insurance period. It will not be considered practical to replant after the end of the late planting period, or the final planting date if no late planting period is applicable, unless replanting is generally occurring in the area. Unavailability of seed or plants will not be considered a valid reason for failure to replant.

*Id.* The policy also contains the following arbitration clause: "If [Ledford] and [Fireman's Fund] fail to agree on any factual determination, the disagreement will be resolved in accordance with the rules of the American Arbitration Association." *Id.* Accordingly, Ledford's policy mandates that any disagreement regarding *factual determinations* be submitted to arbitration. The policy, however, contemplates litigation and provides that Ledford "may not bring legal action against [Fireman's Fund] unless [Ledford][has] complied with all of the policy provisions." *Id.*

Ledford submitted a claim to Fireman's Fund alleging that rain destroyed its fresh market bean crop. Fireman's Fund denied coverage on the ground that Ledford failed to replant the crop although it was practical to do so. Thereafter, Ledford commenced this declaratory judgment action in state court. Fireman's Fund removed the action to federal court on the basis of diversity jurisdiction. Subsequently, Ledford amended its complaint to add state-law causes of action for breach of contract and breach of implied obligation of good faith. Fireman's Fund has moved to dismiss Ledford's amended complaint or, in the alternative, to compel the parties to arbitrate and stay all court proceedings until the arbitration process is completed. The parties have fully briefed the motion and it is ripe for adjudication.

## II. Analysis

The application and scope of the arbitration clause contained in all MPCI policies has been the subject of only one reported case. In *Nobles v. Rural Community Ins. Serv.,* 122 F.Supp.2d 1290 (M.D.Ala.2000), the insured's cotton crop was destroyed; however, the insurer denied the farmer's claim on the ground that an exclusionary provision contained in the MPCI policy barred coverage for a portion of the insurable acreage. That particular provision excludes coverage if the insurable acreage had not been planted and harvested within one of the three previous crop years.

As in the present case, the insured brought suit asserting various state-law claims and the insurer moved to compel arbitration and for a stay of all court proceedings. The *Nobles* court held that the insured:

> must submit to binding arbitration the factual question of whether their 5,000 acres of land were covered by the policy. The arbitrator may award relief as permitted by federal statutes and regulations. After that dispute is resolved, and in keeping with the arbitrator's findings and awards that are entitled to preclusive effect, Plaintiff's may then elect to pursue their common law claims in this forum.

*Id.* at 1293. Consequently, the court retained jurisdiction over the state-law claims because the FCIC "never intended to extinguish state law causes of action that may arise from tortious conduct by

private companies selling [FCIC]-approved reinsurance contracts." *Id.* at 1294 (citing *Williams Farms of Homestead, Inc. v. Rain & Hail Ins. Serv., Inc.*, 121 F.3d 630, 634 (11th Cir.1997)).

Here, Fireman's Fund argues its determination that it was practical for Ledford to replant its bean crop was a "factual determination." Thus, in accordance with *Nobles,* Fireman's Fund argues that the propriety of its decision to disclaim coverage on that ground is arbitrable. Ledford asserts that the MPCI policy does not define "practical to replant" and, thus, this "vague and ambiguous" exclusionary term cannot be construed against coverage.

Ledford's argument is unavailing for at least two reasons. First, as mentioned above, the policy does in fact define "practical to replant." Second, Ledford's argument is an apparent attempt to convert Fireman's Fund's factual determination—that it was practical for Ledford to replant its bean crop—into a legal determination which would fall outside the scope of the arbitration clause. The fact that the arbitrator must read and interpret the policy definition of "practical to replant" does not transform the determination of Fireman's Fund into a legal determination. Accordingly, a dispute concerning a factual determination exists, resolution of which is subject to arbitration. *See, Nobles v. Rural Community Ins. Serv.*, 122 F.Supp 2d. at 1295. Accordingly, Fireman's Fund's motion to compel arbitration is granted.

Pursuant to the policy, Ledford may not bring legal action against Fireman's Fund unless it complies with all of the policy provisions, including the arbitration of any factual determinations. Thus, Fireman's Fund's motion to stay further court proceedings pending an appropriate arbitration proceeding is granted. The Court, however, will retain jurisdiction over this case pending the outcome of the forthcoming arbitration proceeding.

## III. Conclusion

Fireman's Fund denied coverage on the ground that it was practical for Ledford to replant its fresh market bean crop. Such a conclusion is clearly a factual determination. Accordingly, any dispute concerning the propriety of that conclusion is subject to binding arbitration. The arbitration clause, however, is not an absolute bar to suit. Rather, the arbitration clause is a condition, contained in every MPCI policy, that must be satisfied before an insured can commence legal action. Accordingly, it is ORDERED AND ADJUDGED that:

(1) Fireman's Fund's motion to dismiss the complaint is DENIED;

(2) Fireman's Fund's motion to compel arbitration and stay further court proceedings is GRANTED. Ledford is ORDERED to submit the factual determination whether it was practical to replant the bean crop to binding arbitration in the manner provided for in the arbitration agreement;

(3) This action shall be STAYED pending arbitration; and

(4) Within three to six months of the date of this order, the parties shall report jointly to the court the status of the arbitration proceeding and the need, if any, for this Court to retain jurisdiction over this matter. Failure to respond within the allotted time shall result in final dismissal of this cause of action. If the arbitration proceeding disposes of the matter, the parties shall immediately inform the Court and, thereafter, submit appropriate stipulations of dismissal.