**JBS FARMS, INC., Respondent,**

v.

**FIREMAN'S FUND AGRIBUSINESS, INC., Appellant.**

No. 27596.

Missouri Court of Appeals, Southern District, Division One.

Nov. 28, 2006.

Anthony L. Martin and Stephen M. Murphy, Sandberg, Phoenix & von Gon-tard, P.C., St. Louis, MO, and R. Jeff Allen, Hunt & Ross, Clarksdale, MS, for Appellant.

Wendell L. Hoskins II, Caruthersville, for Respondent.

DANIEL E. SCOTT, Judge.

### Factual and Legal Background

Plaintiff bought a Crop Revenue Coverage ("CRC") policy from Defendant to protect against revenue loss on Plaintiff's Missouri and Illinois crops for 2001, 2002, and 2003. The Federal Crop Insurance Commission ("FCIC") reinsured the policy; CRC insurance being federally authorized and regulated in general under the Federal Crop Insurance Act ("FCIA").[1]

In May 2003, Defendant notified Plaintiff that a compliance audit had been conducted pursuant to a FCIC complaint. The audit concluded Plaintiff's corn and soybeans were misclassified, and should have been considered a "BBB (high risk) area." Thus, according to Defendant's letter, all three years' policy premiums were understated, and Plaintiff's 2002 policy claim had been overpaid. To compensate, Defendant reduced Plaintiff's November 2003 claim payment by $41,365.89. Plaintiff sued for conversion, breach of contract, and declaratory relief. Defendant moved to dismiss, or alternatively to stay and to compel arbitration, based on the policy's arbitration clause. Defendant appeals the denial of its motion. We review de novo.[2]

Plaintiff apparently concedes the general validity of the policy's arbitration clause,

1. 7 U.S.C. §§ 1501, et seq. (1999). The FCIA's history and purpose are described in State ex rel. Todd v. U.S., 995 F.2d 1505, 1507–09 (10th Cir.1993) and Nobles v. Rural Cmty. Ins. Srvs., 122 F.Supp.2d 1290, 1293–95 (M.D.Ala.2000).

2. Federal and Missouri law authorize immediate appeal, and de novo review, when a

which provides in part: "If you and we fail to agree on any factual determination, the disagreement will be resolved in accordance with the rules of the American Arbitration Association. . . ." Both in the trial court and on appeal, Plaintiff has acknowledged other cases upholding similar clauses and compelling arbitration of factual determinations thereunder.[3] The trial court apparently agreed at the motion hearing, and our independent research points to the same conclusion.[4] Thus, we proceed directly to plaintiff's two arguments why this otherwise valid clause should not apply in this case.

### "Factual Determination"

Plaintiff initially claims there is no "factual determination" to arbitrate; only the *legal* questions whether Defendant could "unilaterally and retroactively modify" the amount of premium, and whether Defendant's corresponding $41,365.89 payment reduction constituted the tort of conversion. Defendant argues that Plaintiff is trying to recast the underlying "high risk" factual determination and dispute into the form of a *legal* dispute. Other courts have tended to agree with Defendant's view.

*Farmers Alliance Mut. Ins. Co. v. Poco, LLC,* No. CV–05–5063–FVS, 2005 WL 2035516 (E.D.Wash., Aug.23, 2005), involved similar arbitration clauses that the farmers, not the insurers, wanted to en-

force. The insurers had denied policy claims after determining that the farmers' marketing agreements were not "processing contracts" (a defined term in the policies) with potato processors (an undefined term). The insurers claimed this was a non-arbitrable legal question of contract interpretation, while the farmers argued the resolution depended on factual determinations. The court agreed the insurers effectively based their claim denials on factual determinations. Apparently the farmers disputed these determinations; at least the court could not discern "with certainty" that all parties were in agreement. Id. at *2. The court cited *Ledford Farms* and *Nobles,* and compelled arbitration. Id. at *2, *3. *See also Ledford Farms,* 184 F.Supp.2d at 1245 (whether it was "practical to replant" was a factual determination to be arbitrated); *Nobles,* 122 F.Supp.2d at 1293 (whether farmland was planted and harvested during relevant time frame, and therefore insured under the policy, was an arbitrable factual determination).

 Arbitration clauses are construed in favor of arbitration. Absent positive assurance the dispute is outside the arbitration clause, arbitration should be ordered. *Hamilton Metals, Inc. v. Blue Valley Metal Products,* 763 S.W.2d 225, 227 (Mo.App.1988). Although Plaintiff tries to frame the issues in purely legal

---

motion to compel arbitration is denied. *Triarch Industries, Inc. v. Crabtree,* 158 S.W.3d 772, 774 & n. 2 (Mo. banc 2005); *Finney v. National Healthcare Corp.,* 193 S.W.3d 393, 394–95 (Mo.App.2006).

**3.** Plaintiff cited *Nobles* and *Ledford Farms, Inc. v. Fireman's Fund Ins. Co.,* 184 F.Supp.2d 1242 (S.D.Fla.2001), for this conclusion.

**4.** Even if RSMo. § 435.350 and the McCarran–Ferguson Act, 15 U.S.C. § 1012, combine

to render some insurance policy arbitration clauses unenforceable (*see Standard Security Life Ins. Co. v. West,* 267 F.3d 821 (8th Cir. 2001)), FCIA insurance arbitration clauses have not been so construed. *See, e.g., In Re 2000 Sugar Beet Crop Ins. Litigation,* 228 F.Supp.2d 992 (D.Minn.2002) and *IGF Ins. Co. v. Hat Creek Partnership,* 349 Ark. 133, 76 S.W.3d 859 (2002).

terms, the dispute arose after and because of Defendant's "high risk" reclassification. As in *Poco,* Plaintiff seems to dispute this reclassification. At least, we cannot say with certainty that Plaintiff agrees, since neither Plaintiff's petition nor its briefing here admits Defendant's "high risk" reclassification was correct. Absent Plaintiff's concession that the land *was* misclassified, and *was* "high risk" at all material times, we lack positive assurance that this and perhaps other factual determinations are not in dispute. We are compelled to resolve all such doubts in favor of arbitration.

### Waiver

Plaintiff also claims Defendant's unilateral withholding of the $41,365.89 constituted a waiver to now arbitrate about those monies. The trial court agreed, suggesting Defendant's failure to seek arbitration before withholding the money was "unfair conduct" barring Defendant from enforcing the arbitration clause after Plaintiff filed suit. We disagree.

Missouri and federal courts apply a three-factor test to establish waiver of arbitration rights. *Greenpoint Credit, L.L.C. v. Reynolds,* 151 S.W.3d 868, 876 (Mo.App.2004). The party claiming waiver must prove that the allegedly waiving party (1) knew it had an existing right to arbitrate; (2) acted inconsistently with that existing right; and (3) thereby prejudiced the party opposing arbitration. Id.; *2000 Sugar Beet Crop Ins. Litigation,* 228 F.Supp.2d at 997. Any doubts are resolved against waiver and in favor of arbitration. *Greenpoint Credit,* 151 S.W.3d at 876.

Under these principles, Plaintiff has not persuaded us that Defendant's actions were inconsistent with its current arbitration demand. Defendant notified Plaintiff by letter of the audit findings, and that as a result, Defendant would be redetermining, correcting, and increasing three years' worth of premiums. Plaintiff's petition does not allege that Plaintiff objected or otherwise responded to Defendant's letter. Plaintiff has not shown Defendant's knowledge of any dispute, arbitrable or not, when Defendant withheld the funds. Nor do we see how Defendant's actions are inconsistent with a right to arbitrate—or to litigate, mediate, or otherwise resolve—future disputes, if any, regarding its actions. Again, we must resolve doubts against waiver and in favor of arbitration. Thus, without addressing the propriety of Defendant's acts, we are not convinced they were fatally inconsistent with Defendant's current arbitration request.

However, we are persuaded that Plaintiff's action should be stayed, not dismissed, pending arbitration. Courts consistently have so held. *See, e.g., 2000 Sugar Beet Crop Ins. Litigation,* 228 F.Supp.2d at 998–99; *Ledford Farms,* 184 F.Supp.2d at 1245; *Nobles,* 122 F.Supp.2d at 1293, 1301. The policy, at paragraph 25 and elsewhere, recognizes litigation is permissible outside the arbitration clause's limited scope. Finally, Defendant's own briefs ask us only to reverse "and remand with directions to stay this matter and compel arbitration."

### Conclusion

Defendant's motion to stay and to compel arbitration should have been granted. If not otherwise resolved by or following arbitration, the lawsuit may proceed thereafter, subject to the preclusive effect, if any, of the arbitrator's decisions. *Nobles,* 122 F.Supp.2d at 1293.

The decision of the trial court is reversed and remanded for further proceedings in accordance with this opinion.

PARRISH, J., and RAHMEYER, P.J., Concurs.