**David and Sherri MCCRACKEN,**
**Respondents,**

v.

**GREEN TREE SERVICING,**
**LLC., Appellant.**

**No. WD 68957.**

Missouri Court of Appeals,
Western District.

March 3, 2009.

David G. Wasinger, Michael K. Daming, St. Louis, MO, for appellant.

James P. Barton, Jr., Marshall, MO, for respondents.

Before SMART, P.J., HARDWICK and WELSH, JJ.

LISA WHITE HARDWICK, Judge.

Green Tree Servicing, L.L.C., appeals from the circuit court's denial of a motion to compel arbitration on claims involving a mortgage loan. For reasons explained herein, we reverse and remand.

### FACTUAL AND PROCEDURAL HISTORY

On December 2, 1999, David and Sherri McCracken executed a promissory note/loan agreement ("loan agreement") and mortgage in favor of Conseco Finance Servicing Corporation. The loan agreement contained a provision requiring arbitration of "[a]ll disputes, claims or controversies arising from or relating to [the] contract or the relationships which result from [the] contract."

On August 8, 2005, the McCrackens filed a Petition for Damages, in the Circuit Court of Saline County, asserting claims under the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq.*, for misapplication of their mortgage payments. The named defendant in the petition was "Conseco Securities, Inc., f/k/a Conseco Finance Servicing Corporation, f/k/a Green Tree Financial Servicing Corp."

Conseco Securities, Inc. filed a motion to dismiss, asserting that it was not a proper party to the lawsuit because: (1) it was never formerly known as Conseco Finance Servicing Corporation or Green Tree Financial Servicing Corporation; (2) it never had any interest in the debt that was the subject matter of the petition or loan agreement; and (3) Conseco Finance Servicing Corporation ceased doing business in 2002 when its assets were sold in connection with a bankruptcy proceeding.

The circuit court granted the dismissal motion on March 30, 2006, and allowed ten days for the filing of an amended petition with the "correct party names."

A few days later, the McCrackens filed a First Amended Petition for Damages naming Green Tree Servicing, Inc. ("Green Tree") as the defendant. Green Tree promptly filed a motion to compel arbitration based on the arbitration provision in the loan agreement. At a hearing, the circuit court overruled the motion on the ground that the arbitration provision did not apply to Green Tree. The court commented that it did not "see a paragraph" in the loan agreement that made the arbitration provision binding upon the "successors and assigns" of Conseco Finance Servicing Corporation. Green Tree appeals from the denial of the motion to compel arbitration.

### ANALYSIS

■ The question of whether a motion to compel arbitration should have been granted is one of law, subject to our *de novo* review. *Rhodes v. Amega Home Sales, Inc.*, 186 S.W.3d 793, 797 (Mo.App. 2006). In considering the propriety of arbitration, the motion court must first determine whether a valid arbitration agreement exists and then whether the specific dispute falls within the scope of the arbitration agreement. *Netco, Inc. v. Dunn*, 194 S.W.3d 353, 357 (Mo.banc 2006). Arbitration proceedings are favored and encouraged under Missouri law. *Metro Demolition & Excavating Co. v. H.B.D. Contracting, Inc.*, 37 S.W.3d 843, 846 (Mo. App.2001).

■ Here, the circuit court denied the motion to compel arbitration based on its finding that a valid arbitration agreement did not exist between the Green Tree and McCrackens. In its sole point on appeal, Green Tree contends the court erred in

that determination based on the terms of the loan agreement and the acknowledgement by the McCrackens—in their First Amended Petition—that Green Tree was a proper party to the loan agreement.

The loan agreement was executed on December 2, 1999, by Conseco Finance Servicing Corporation, as the "Lender," and the McCrackens, as the "Borrower's" [sic] for purposes of debt consolidation. At the top of page one, the loan agreement specifies that the term "You" refers to the "Lender, its successors and assigns." The first and second paragraphs of the loan agreement require the McCrackens to pay the lender the principal sum of $42, 997.00 plus interest at 15.490% annually. On page three of the loan agreement, a paragraph labeled "ARBITRATION" states in relevant part:

> All disputes, claims or controversies arising from or relating to this contract or the relationships which result from this contract, or the validity of this arbitration clause or the entire contract, shall be resolved by binding arbitration by one arbitrator selected by *you* with consent of us ... The parties agree and understand that all disputes arising under case law, statutory law, and all other laws including but not limited to, all contract, tort, and property disputes, will be subject to binding arbitration in accord with this contract.

(italics added).

Nearly six years after executing the loan documents, the McCrackens filed a petition for damages against Conseco Securities, Inc. alleging violations of the Fair Debt Collection Practices Act. The petition specifically alleged that the McCrackens had not been properly credited for payments they made under the loan agreement. The circuit court dismissed that original petition and granted the McCrackens ten days to file an amended petition

with the "correct party names" for the defendant. The McCrackens timely filed a First Amended Petition naming Green Tree as the proper defendant. The amended petition included the following allegations:

> 6. Pursuant to a Loan Agreement dated December 2, 1999, the Plaintiffs [the McCrackens] were obligated to make payment to the Defendant [Green Tree].

> 7. Pursuant to the terms of said Agreement, the Plaintiffs made the payments called for therein.

■ As a general rule, parties are bound by allegations or admissions of fact in their own pleadings. *Dick v. Children's Mercy Hosp.,* 140 S.W.3d 131, 143 n. 5 (Mo.App.2004). By identifying Green Tree as the proper defendant in this case and alleging that they were *obligated* to make payments to Green Tree under the loan agreement, the McCrackens acknowledged that Green Tree had been assigned the rights of the lender to receive such payments. This allegation, which was never denied by Green Tree, obviated any need for further evidence as to how or when the assignment occurred. *J.H. Berra Paving Co., Inc. v. City of Eureka,* 50 S.W.3d 358, 362 (Mo.App.2001). The McCrackens are bound by their pleading and, therefore, estopped from denying that Green Tree is an assignee of the rights given to Conseco Finance Servicing Corporation under the loan agreement.

■ Under Missouri law, we must construe arbitration clauses in favor of arbitration. *JBS Farms, Inc. v. Fireman's Fund Agribusiness, Inc.,* 205 S.W.3d 910, 912 (Mo.App.2006). Short of any positive assurance that a dispute is outside the scope of the arbitration clause, arbitration should be ordered. *Id.* In this case, the arbitration provision in the loan agreement

covers all disputes, claims or controversies arising from the relationships that resulted from the contract. The scope of the arbitration provision is broad enough to include the relationship between the McCrackens and Green Tree that resulted from the lender's assignment of its right to receive the loan payments.

The circuit court mistakenly concluded that the arbitration provision was not binding upon Green Tree as an assignee. The introductory language of the loan agreement clearly indicates that its terms are applicable to Conseco Finance Service Corporation and its "successors and assigns." Based on this definitional provision, Green Tree was entitled to invoke the lender's right to arbitration as an assignee. Accordingly, the court erred in denying the motion to compel arbitration.

### Conclusion

The judgment is reversed, and the cause is hereby remanded to the circuit court with instructions to grant the motion to compel arbitration.

All Concur.