**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-2368**

J.O.C. FARMS, L.L.C.,

Plaintiff - Appellant,

v.

FIREMAN'S FUND INSURANCE COMPANY; RURAL COMMUNITY
INSURANCE AGENCY, INC., d/b/a Rural Community Insurance Services,

Defendants - Appellees,

and

WILLIAM J. MURPHY, Administrator for the Risk Management Agency, United
States of America; SONNY PERDUE, Secretary of Agriculture for the United
States of America; UNITED STATES DEPARTMENT OF AGRICULTURE,
RISK MANAGEMENT AGENCY,

Defendants.

Appeal from the United States District Court for the Eastern District of North Carolina, at
Greenville.  James C. Dever III, Chief District Judge.  (4:12-cv-00186-D)

Submitted:  May 31, 2018                    Decided:  June 13, 2018

Before NIEMEYER, and WYNN, Circuit Judges, and HAMILTON, Senior Circuit
Judge.

Affirmed by unpublished per curiam opinion.

Hugh Stevens, Michael J. Tadych, STEVENS MARTIN VAUGHN & TADYCH, PLLC, Raleigh, North Carolina, for Appellant. Michael L. Shor, FISHER BROYLES, LLP, Mooresville, North Carolina, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

J.O.C. Farms, LLC ("JOC") appeals the district court's order dismissing its claims against Rural Community Insurance Agency, Inc., d/b/a Rural Community Insurance Services, and Fireman's Fund Insurance Company (collectively, the "Insurance Defendants"). JOC's action arises from the adjustment of its claims made under several multiple peril crop insurance ("MPCI") policies issued pursuant to the Federal Crop Insurance Act ("FCIA"), 7 U.S.C. §§ 1501-1524 (West 2012 & Supp. 2017), and reinsured by the Federal Crop Insurance Corporation ("FCIC"). On appeal, JOC contends that the district court erred in dismissing its North Carolina state law claims against the Insurance Defendants as barred by an arbitrator's finding that JOC did not timely commence arbitration required by the policies or as preempted by the FCIA and its implementing regulations. Finding no reversible error, we affirm.[1]

We review a district court's dismissal under Fed. R. Civ. P. 12(b)(6) de novo, accepting as true all well pleaded factual allegations in the complaint and drawing all reasonable inferences in the plaintiff's favor. *Hall v. DIRECTV, LLC*, 846 F.3d 757, 765

---

[1] JOC also asserted a claim for judicial review of an agency decision under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-706 (2012), which the district court resolved by remanding to the agency for further proceedings. A district court's order remanding to an agency normally is neither a "final" order for purposes of 28 U.S.C. § 1291 (2012), *W. Va. Highlands Conservancy, Inc. v. Norton*, 343 F.3d 239, 244 (4th Cir. 2003), nor an immediately appealable collateral order, *Shipbuilders Council of Am. v. U.S. Coast Guard*, 578 F.3d 234, 239 (4th Cir. 2009). Under the unique circumstances of this case, however, we conclude that the district court's judgment is appealable under the "practical finality" doctrine. *See Culbertson v. Sec'y of Health & Human Servs.*, 859 F.2d 319, 323 (4th Cir. 1988); *Muhammad v. Warden, Balt. City Jail*, 849 F.2d 107, 110 (4th Cir. 1988).

(4th Cir. 2017), *cert. denied*, 138 S. Ct. 635 (2018). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). In considering a Rule 12(b)(6) motion, we may "take judicial notice of matters of public record" and "consider documents incorporated into the complaint by reference" or "attached to the motion to dismiss, so long as they are integral to the complaint and authentic." *United States ex rel. Oberg v. Pa. Higher Educ. Assistance Agency*, 745 F.3d 131, 136 (4th Cir. 2014) (internal quotation marks omitted). We likewise review a district court's preemption determination de novo. *OpenRisk, LLC v. Microstrategy Servs. Corp.*, 876 F.3d 518, 523 (4th Cir. 2017), *cert. denied*, 138 S. Ct. 1575 (2018).

The Supremacy Clause establishes that "when federal and state law conflict, federal law prevails and state law is preempted." *Murphy v. Nat'l Collegiate Athletic Ass'n*, 138 S. Ct. 1461, 1476 (2018). Federal law may preempt state law in three ways: (1) "express" preemption, in which federal law expressly declares the intention to preempt state law; (2) "conflict" preemption, in which the state and federal laws "actually conflict[]"; and (3) "field" preemption, in which federal law "occup[ies] the field by regulating so pervasively that there is no room left for the states to supplement federal law." *Epps v. JP Morgan Chase Bank, N.A.*, 675 F.3d 315, 322 (4th Cir. 2012) (internal quotation marks omitted); *see Murphy*, 138 S. Ct. at 1480.

"[A] federal regulation has the same preemptive effect as a federal statute." *McCauley v. Home Loan Inv. Bank, F.S.B.*, 710 F.3d 551, 554 (4th Cir. 2013). "A pre-

4

emptive regulation's force does not depend on express congressional authorization to displace state law . . . ." *Fid. Fed. Sav. & Loan Ass'n v. de la Cuesta*, 458 U.S. 141, 154 (1982). Instead, the relevant inquiry is "whether the [agency] meant to pre-empt [state] law, and, if so, whether that action is within the scope of the [agency's] delegated authority." *Id.* Generally, "the party asserting that federal law preempts state law bears the burden of establishing preemption." *Marentette v. Abbott Labs., Inc.*, 886 F.3d 112, 117 (2d Cir. 2018) (internal quotation marks omitted).

As JOC observes, numerous courts have held that the FCIA and its regulations do not completely preempt state law causes of action. *See, e.g.*, *Williams Farms of Homestead, Inc. v. Rain & Hail Ins. Servs., Inc.*, 121 F.3d 630, 633 (11th Cir. 1997); *Holman v. Laulo-Rowe Agency*, 994 F.2d 666, 669 (9th Cir. 1993); *Wanamaker v. Lawson*, 871 F. Supp. 2d 735, 742-43 (E.D. Tenn. 2012); *Agre v. Rain & Hail LLC*, 196 F. Supp. 2d 905, 911-12 (D. Minn. 2002). *But see Owen v. Crop Hail Mgmt.*, 841 F. Supp. 297, 304 (W.D. Mo. 1994) (recognizing complete preemption); *Brown v. Crop Hail Mgmt.*, 813 F. Supp. 519, 526 (S.D. Tex. 1993) (same). However, these authorities provide limited assistance to JOC, as both the district court's holding and the Insurance Defendants' argument rely only on ordinary conflict preemption. *See Johnson v. Am. Towers, LLC*, 781 F.3d 693, 702 (4th Cir. 2015) (distinguishing between complete and ordinary preemption).

Congress has authorized the preemption of state laws or rules that conflict with regulations promulgated and contracts authorized by the FCIC. 7 U.S.C. § 1506(l); *see also* 7 U.S.C. § 1506(o) (FCIC power to issue regulations). Pursuant to this authority, the

FCIC has promulgated regulations, applicable to all insurance policies that it reinsures, preempting "[s]tate laws and regulations not consistent with the purpose, intent, or authority of the [FCIA]." 7 C.F.R. § 400.351 (2018); *see* 7 C.F.R. § 400.352 (2018).

Because insurance policies issued by private insurers must comply with the FCIA and accompanying regulations to qualify for reinsurance through the FCIC, "the FCIA generally establishes the terms and conditions of insurance even though the crop insurance policy is between the farmer and an approved insurance provider." *Davis v. Producers Agric. Ins. Co.*, 762 F.3d 1276, 1284 (11th Cir. 2014) (alterations and internal quotation marks omitted). The terms and conditions of the MPCI policies are promulgated by the FCIC as regulations. *See* 7 C.F.R. §§ 457.8 to .176 (2018). At issue in this appeal, the Common Crop Insurance Policy ("CCIP"), codified at 7 C.F.R. § 457.8, applies to policies insuring most crops. As the terms and conditions of the CCIP are promulgated in the Federal Register, they are "binding on all who s[eek] to come within the [FCIA], regardless of actual knowledge of what is in the Regulations or of the hardship resulting from ignorant innocence." *Fed. Crop Ins. Corp. v. Merrill*, 332 U.S. 380, 385 (1947).

The FCIA's implementing regulations and the CCIP provisions contain several limitations on an insured's pursuit of litigation against the insurer. First, "[t]he standard language found in the regulations for inclusion in the common crop insurance contract provides that all disputes between insurer and insured are subject to mediation and/or arbitration." *Davis*, 762 F.3d at 1285. Specifically, the CCIP mandates (with limited exceptions) that if the insurer and insured "fail to agree on any determination made by

[the insurer]," and the disagreement is not resolved through mediation, "the disagreement must be resolved through arbitration." 7 C.F.R. § 457.8 ¶ 20(a). These arbitration proceedings must be initiated within one year of the date the insurer denied the insured's claim or rendered the disputed determination, whichever is later. 7 C.F.R. § 457.8 ¶ 20(b). If a party is dissatisfied with the results of the arbitration, the party may seek judicial review of the arbitrator's award in accordance with the Federal Arbitration Act, 9 U.S.C. §§ 9-10 (2012). *See* 7 C.F.R. § 457.8 ¶ 20(c).

The CCIP and regulations also create a condition precedent to an insured's pursuit of damages, expenses, and fees from the insurer (the "FCIC predetermination requirement"). Specifically, as revised in 2004, the CCIP provides:

> In a judicial review only, you[2] may recover attorneys fees or other expenses, or any punitive, compensatory or any other damages from us only if you obtain a determination from FCIC that we, our agent or loss adjuster failed to comply with the terms of this policy or procedures issued by FCIC and such failure resulted in you receiving a payment in an amount that is less than the amount to which you were entitled.

7 C.F.R. § 457.8 ¶ 20(i). The FCIA regulations, also revised in 2004, relatedly provide:

> No policy of insurance reinsured by the [FCIC] and no claim, settlement, or adjustment action with respect to any such policy shall provide a basis for a claim of punitive or compensatory damages or an award of attorney fees or other costs against the Company issuing such policy, unless a determination is obtained from the [FCIC] that the Company, its employee, agent or loss adjuster failed to comply with the terms of the policy or procedures issued by the [FCIC] and such failure resulted in the insured receiving a payment in an amount that is less than the amount to which the insured was entitled.

---

[2] Under the CCIP, "'you' and 'your' refer to the named insured shown on the accepted application and 'we,' 'us,' and 'our' refer to the insurance company providing insurance." 7 C.F.R. § 457.8 ("Reinsured Policies" Preamble).

7

7 C.F.R. § 400.176(b) (2018); *see* 7 C.F.R. § 400.352(b)(4) (preempting state laws, regulations, or decisions levying damages, fees, or costs against companies "arising out of actions or inactions on the part of such . . . entities authorized or required under the [FCIA or the FCIC regulations]" absent FCIC predetermination).

As it explained in its ruling in open court, the district court dismissed a portion of JOC's breach of contract claim against the Insurance Defendants—that portion arising from its Pitt County insurance claim—pursuant to the finding of the arbitrator that JOC failed to timely commence arbitration under section 20(a) and (b). The court dismissed the remainder of JOC's breach of contract claim against the Insurance Defendants—that portion arising from its Beaufort County insurance claim—as well as its claims for bad faith refusal to settle and unfair settlement practices as preempted by the FCIC predetermination requirement.[3]

We conclude the district court properly dismissed these state law claims in reliance on these contract and regulatory provisions. While the FCIA and FCIC regulations were not intended to completely foreclose state law claims against private insurers providing policies reinsured by the FCIC, we agree with the weight of recent authority recognizing that claims arising from an insurer's determination under the policy

---

[3] While JOC argues that 7 C.F.R. § 457.8 ¶ 20(i)'s language "[i]n a judicial review only" references only a review of agency action under the APA, we find JOC's interpretation unpersuasive. Section 20(i) requires FCIC predetermination as a condition to receiving compensatory or punitive damages against the insurer, which are not recoverable in an APA action against the agency. *See* 5 U.S.C. § 702(a); *Dep't of the Army v. Blue Fox, Inc.*, 525 U.S. 255, 261-64 (1999).

are preempted.  *See, e.g.*, *Dixon v. Producers Agric. Ins. Co.*, 198 F. Supp. 3d 832, 839-41 & n.10 (M.D. Tenn. 2016); *Pelzer v. ARMtech Ins. Servs., Inc.*, 928 F. Supp. 2d 1071, 1076-79, 1081 (E.D. Ark. 2013).  The authority on which JOC relies is inapposite, given that it relied on earlier versions of the regulations that included language more readily admitting state law determinations of such claims.  *See Alliance Ins. Co. v Wilson*, 384 F.3d 547, 551-52 (8th Cir. 2004); *Meyer v. Conlon*, 162 F.3d 1264, 1268-69 (10th Cir. 1998) (per curiam); *Williams Farms*, 121 F.3d 630, 633 (11th Cir. 1997); *Nobles v. Rural Cmty. Ins. Servs.*, 303 F. Supp. 2d 1292, 1296-98 (M.D. Ala. 2004).

JOC's remaining challenges to the application of these provisions also miss the mark.  JOC contends that the district court's order referring its Pitt County breach of contract claim to arbitration and staying action on the remaining claims contemplated that those remaining claims would proceed.   But nothing in the court's ruling precluded the district court from considering other grounds for dismissing those claims.  JOC also mischaracterizes the arbitrator's finding of untimeliness as a "statute of limitations" defense, which it argues the Insurance Defendants raised too late.  To the contrary, the arbitrator was properly tasked with determining whether JOC timely commenced arbitration.  *See Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84-85 (2002); *Glass v. Kidder Peabody & Co.*, 114 F.3d 446, 456 (4th Cir. 1997).   Thus, the Insurance Defendants could not have effectively raised the time bar until after the arbitrator issued his ruling.

JOC also contends that its Pitt County and Beaufort County breach of contract claims were inextricably intertwined, such that the Pitt County breach of contract claim

9

should not have been submitted to arbitration. JOC's arguments that the court should have relied on the allegations of collusion between the Insured Defendants and Risk Management Agency to decline to submit the Pitt County breach of contract claim to arbitration directly conflict with JOC's own concession, made in response to the Insurance Defendant's original motion to dismiss, that the breach of contract claim was subject to arbitration. In any event, even assuming, without deciding, that JOC is correct, its argument would not entitle it to relief in this appeal. Rather, had it not been submitted to arbitration, the Pitt County breach of contract claim against the Insurance Defendants would have been equally barred by the FCIC predetermination requirement as the Beaufort County breach of contract claim against those defendants. In short, we find no reversible error in the district court's dismissal of JOC's bad faith refusal to settle, unfair settlement practices, and breach of contract claims against the Insurance Defendants.

The district court did not dismiss JOC's remaining claims against the Insurance Defendants based on preemption, but instead concluded that JOC failed to plead them with the requisite particularity to state a claim under Fed. R. Civ. P. 9(b). As JOC does not challenge this dispositive ruling on appeal, JOC has waived appellate review of the dismissal of these claims. *See Grayson O Co. v. Agadir Int'l LLC*, 856 F.3d 307, 316 (4th Cir. 2017) (deeming issue not raised in opening brief waived).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*